UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| BRIAN LINDSEY, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>ONEOK, INC.,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Brian Lindsey (Lindsey) brings this lawsuit to recover unpaid overtime wages and other damages from ONEOK, Inc. (ONEOK) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq*.

2. Lindsey, and the other ONEOK workers like him, regularly worked more than 40 hours a week.

3. But ONEOK did not pay these workers overtime as require by the FLSA.

4. Instead, ONEOK improperly classified Lindsey and other workers similarly situated to him as independent contractors and paid them a flat amount for each day worked (a "day rate") without overtime compensation.

5. Lindsey and the Putative Class Members never received a guaranteed salary.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

9. Lindsey worked for ONEOK in this District and Division.

10. Specifically, Lindsey worked for ONEOK in and around Odessa, Texas.

11. Lindsey regularly worked overtime for ONEOK in and around Odessa, Texas.

12. Despite regularly working over 40 hours, ONEOK paid Lindsey a day rate with no overtime for the work he did for ONEOK in and around Odessa, Texas.

## PARTIES

13. Lindsey worked for ONEOK as a Welding Inspector from approximately July 2018 until May 2019.

14. Lindsey's consent to be a party plaintiff is attached as Exhibit A.

15. Throughout his employment, ONEOK classified him as an independent contractor and paid him a day rate with no overtime compensation.

16. In reality, Lindsey's relationship with ONEOK was an employer/employee relationship.

17. Lindsey brings this action on behalf of himself and all other similarly situated workers who were paid by ONEOK's day rate system.

18. ONEOK paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek as required by the FLSA.

19. The collective of similarly situated employees sought to be certified is defined as follows:

> **All workers employed by, or working on behalf of ONEOK, who were paid a day rate with no overtime at any time during the last 3 years (Putative Class Members).**

20. Defendant ONEOK is an Oklahoma corporation that maintains its headquarters in Tulsa, Oklahoma. ONEOK may be served with process by serving its registered agent: **National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

## COVERAGE UNDER THE FLSA

21. At all relevant times, ONEOK has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

22. At all relevant times, ONEOK has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

23. At all relevant times, ONEOK has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). ONEOK has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

24. In each of the last 3 years, ONEOK has had annual gross volume of sales made or business done of at least $1,000,000.

25. At all relevant times, Lindsey and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

26. ONEOK treated Lindsey and the Putative Class Members as employees and uniformly dictated the pay practices applied to Lindsey and the Putative Class Members.

27. ONEOK's misclassification of Lindsey and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA

**FACTUAL ALLEGATIONS**

28. ONEOK is a "leading midstream service provider" that "own[s] one of the nation's premier natural gas liquid systems[.]"[1]

29. To complete its business objectives, ONEOK hires personnel, such as Lindsey, to perform inspection services.

30. ONEOK labels Lindsey and the Putative Class Members to be contractors.

31. But ONEOK does not hire these workers on a project-by-project basis.

32. Rather, ONEOK hires and treats these workers just like regular, even if sometimes short term, employees.

33. Many of these individuals worked for ONEOK on a day rate basis (without overtime pay).

34. These day rate workers make up the proposed Putative Class.

35. For example, Lindsey worked for ONEOK as a Welding Inspector from approximately July 2018 until May 2019.

36. Throughout his employment, ONEOK classified him as an independent contractor and paid him on a day rate basis.

37. As a Welding Inspector, Lindsey spent his time Lindsey's primary job duties included performing inspections on welded products and structures to ensure projects are completed to ONEOK and/or its clients' specifications.

38. Lindsey did not have any supervisory duties.

39. Lindsey did not hire for fire employees.

40. Lindsey did not exercise discretion and judgment as to matters of significant.

41. Lindsey was a blue-collar worker.

---

[1] https://www.oneok.com/about-us/what-we-do (last visited December 10, 2019).

42. ONEOK paid Lindsey and the Putative Class Members under its day rate pay scheme.

43. Lindsey and the Putative Class Members do not receive a salary.

44. If Lindsey and the Putative Class Members did not work, they did not get paid.

45. Lindsey and the Putative Class Members receive a day rate.

46. Lindsey and the Putative Class Members do not receive overtime pay.

47. This is despite the fact Lindsey and the Putative Class Members often worked at least 10 hours a day, for as many as 7 days a week, for weeks at a time.

48. Although Lindsey typically worked up to 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

49. Lindsey and the Putative Class Members received the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

50. Without the job performed by Lindsey and the Putative Class Members, ONEOK would not be able to complete its business objectives.

51. Lindsey and the Putative Class Members relied on ONEOK for work and compensation.

52. Lindsey and the Putative Class Members worked in accordance with the schedule set by ONEOK and/or its clients.

53. Lindsey and the Putative Class Members cannot subcontract out the work they are assigned by ONEOK.

54. Lindsey and the Putative Class Members must follow ONEOK and/or its clients' policies and procedures.

55. Lindsey and the Putative Class Members' work must adhere to the quality standards put in place by ONEOK and/or its clients.

56. Lindsey and the Putative Class Members did not substantially invest in the tools required to complete the overall job to which they were assigned.

57. Lindsey and the Putative Class Members did not market their services while employed by ONEOK.

58. Lindsey and the Putative Class Members worked exclusively for ONEOK during the relevant period.

59. Lindsey and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and/or insurance.

60. ONEOK and/or its clients set Lindsey and the Putative Class Members' work schedule, which prohibited them from working other jobs for other companies while working on jobs for ONEOK.

61. At all relevant times, ONEOK maintained control, oversight, and direction of Lindsey and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

62. Lindsey's work schedule is typical of the Putative Class Members.

63. ONEOK controls Lindsey and the Putative Class Members' pay.

64. Likewise, ONEOK and/or its clients control Lindsey and the Putative Class Members' work.

65. Lindsey and the Putative Class Members' work must adhere to the quality standards put in place by ONEOK and/or its clients.

66. Lindsey and the Putative Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

67. ONEOK knows Lindsey and the Putative Class Members work for 10 or more hours a day, for as many as 7 days a week.

68. ONEOK's records reflect the fact Lindsey and the Putative Class Members regularly work far in excess of 40 hours in certain workweeks.

69. Lindsey and the Putative Class Members do not receive overtime for hours worked in excess of 40 in any of those weeks.

70. Instead, Lindsey and the Putative Class Members are paid on a day rate basis.

71. ONEOK and/or its clients set these workers' schedules and compensation; supervises them; requires them to adhere to strict guidelines, directive, and its (or its clients') policies and procedures.

72. ONEOK controls Lindsey and the Putative Class Members' opportunities for profit and loss by dictating the days and hours they work and the rates they are paid.

73. While working for ONEOK, ONEOK controlled all the significant or meaningful aspects of the job duties Lindsey and the Putative Class Members perform.

74. ONEOK exercises control over the hours and locations Lindsey and the Putative Class Members work, the tools and equipment they use, and the rates of pay they receive.

75. Even when Lindsey and the Putative Class Members work away from ONEOK's offices without the constant presence of ONEOK supervisors, ONEOK still controls significant aspects of their job activities by enforcing mandatory compliance with its (or its clients') policies and procedures.

76. Lindsey and the Putative Class Members do not provide the significant equipment they work with on a daily basis, such as office space, computers, and communication devices.

77. ONEOK (and/or its clients) make these large capital investments in buildings, machines, equipment, tools, and supplied the business in which Lindsey and the Putative Class Members work.

78. Lindsey and the Putative Class Members do not incur operating expenses like rent, payroll, marketing, and insurance.

79. The daily and weekly activities of Lindsey and the Putative Class Members are routine and largely governed by standardized plans, procedures, and checklists created by ONEOK.

80. ONEOK prohibits Lindsey and the Putative Class Members from varying their job duties outside of the predetermined parameters and requires Lindsey and the Putative Class Members to follow ONEOK's (or its clients') policies, procedures, and directives.

81. All of the Putative Class Members perform similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

82. All of the Putative Class Members work similar hours and are denied overtime as a result of the same illegal pay practice.

83. All of the Putative Class Members work in excess of 40 hours each week.

84. ONEOK uniformly denies Lindsey and the Putative Class Members overtime for the hours they work in excess of 40 hours in a single workweek.

85. Lindsey and the Putative Class Members do not, and have never, received guaranteed weekly compensation irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

86. ONEOK's day rate policy violates the FLSA because it deprives Lindsey and the Putative Class Members of overtime for the hours they work in excess of 40 hours in a single workweek.

87. ONEOK knew Lindsey and the Putative Class Members worked more than 40 hours a week.

88. ONEOK knew, or showed reckless disregard for whether, the Putative Class Members were entitled to overtime under the FLSA.

89. Nonetheless, ONEOK did not pay Lindsey and the Putative Class Members overtime.

90. ONEOK knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## CAUSE OF ACTION - FLSA VIOLATIONS

91. Lindsey brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

92. ONEOK violated, and is violating, the FLSA by failing to pay Lindsey and the Putative Class Members overtime.

93. ONEOK misclassified the Lindsey and the Putative Class Members for purposes of the FLSA overtime requirements.

94. ONEOK cannot demonstrate Lindsey and the Putative Class Members are exempt from overtime under the administrative exemption.

95. ONEOK cannot demonstrate Lindsey and the Putative Class Members are exempt from overtime under the executive exemption.

96. ONEOK cannot demonstrate Lindsey and the Putative Class Members are exempt from overtime under the professional exemption.

97. ONEOK cannot demonstrate Lindsey and the Putative Class Members are exempt from overtime under the highly compensated exemption.

98. ONEOK misclassified the Plaintiff and Putative Class Members as contractors.

99. ONEOK failed to guarantee the Plaintiff and Putative Class Members a salary.

100. ONEOK failed to pay the Plaintiff and Putative Class Members overtime.

101. ONEOK paid the Plaintiff and Putative Class Members a day rate.

102. ONEOK knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

103. ONEOK's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

104. Accordingly, Lindsey and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

105. Lindsey brings this claim as a collective action under the FLSA.

106. The Putative Class Members were victimized by ONEOK's pattern, practice, and/or policy which is in willful violation of the FLSA.

107. Other Putative Class Members worked with Lindsey and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

108. Based on his experiences with ONEOK, Lindsey is aware that ONEOK's illegal practices are imposed on the Putative Class Members.

109. The Putative Class Members are similarly situated in all relevant respects.

110. The Putative Class Members are blue-collar workers.

111. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

112. The illegal day rate policy that ONEOK imposes on Lindsey is likewise imposed on all Putative Class Members.

113. Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

114. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

115. The overtime owed to Lindsey and the Putative Class Members will be calculated using the same records and using the same formula.

116. Lindsey's experiences are therefore typical of the experiences of the Putative Class Members.

117. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

118. Lindsey has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

119. Like each Putative Class Member, Lindsey has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

120. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

121. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and ONEOK will reap the unjust benefits of violating the FLSA.

122. Further, even if some of the Putative Class Members could afford individual litigation against ONEOK, it would be unduly burdensome to the judicial system.

123. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

124. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

125. Among the common questions of law and fact are:

   a. Whether ONEOK employed the Putative Class Members within the meaning of the FLSA;

   b. Whether the Putative Class Members were improperly misclassified as independent contractors;

   c. Whether ONEOK's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

   d. Whether ONEOK's violation of the FLSA was willful; and

   e. Whether ONEOK's illegal pay practice applied uniformly across the nation to all Putative Class Members.

126. Lindsey and the Putative Class Members sustained damages arising out of ONEOK's illegal and uniform employment policy.

127. Lindsey knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

128. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to ONEOK's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

129. ONEOK is liable under the FLSA for failing to pay overtime to Lindsey and the Putative Class Members.

130. Consistent with ONEOK's illegal day rate policy, Lindsey and the Putative Class Members are not paid the proper premium overtime compensation when they work more than 40 hours in a workweek.

131. As part of their regular business practices, ONEOK intentionally, willfully, and repeatedly engages in a pattern, practice, and/or policy of violating the FLSA with respect to Lindsey and the Putative Class Members.

132. ONEOK's illegal day rate policy deprived Lindsey and the Putative Class Members of the premium overtime wages they are owed under federal law.

133. ONEOK is aware, or should have been aware, that the FLSA required it to pay Lindsey and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

134. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

135. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

136. Those similarly situated employees are known to ONEOK, are readily identifiable, and can be located through ONEOK's records.

## JURY DEMAND

137. Lindsey demands a trial by jury.

## PRAYER

WHEREFORE, Lindsey, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against ONEOK awarding Lindsey and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An order awarding attorney's fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
TX Bar No. 24014780
**Andrew W. Dunlap**
TX Bar No. 24078444
**Taylor A. Jones**
TX Bar No. 24107823
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050

Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**